Sheehan & Associates, P.C.
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck, NY 11021-3104
Telephone:  (516) 268-7080
*spencer@spencersheehan.com*

United States District Court
Southern District of New York                              7:21-cv-00002

| | |
|---|---|
| Steven Beers, individually and on behalf of all others similarly situated,<br><br>                     Plaintiff,<br><br>        - against -<br><br>Mars Wrigley Confectionery US, LLC,<br><br>                 Defendant | Class Action Complaint |

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.      Mars Wrigley Confectionery US, LLC ("defendant") manufactures, labels, markets and sells ice cream bars purporting to be covered in milk chocolate under the Dove brand ("Product").

2.      The relevant front label representations include "Silky Smooth," "Dove Bar," "[Vanilla Ice Cream] with Milk Chocolate," several chunks of chocolate and a bar being dipped into milk chocolate.





3.      The unqualified, prominent and conspicuous representations of the Product as "Milk Chocolate" is false, deceptive and misleading because the "chocolate" portion of the ice cream bar contains ingredients consumers do not expect in chocolate – vegetable oil.

4.     Chocolate is made from cacao beans, which are not consumed by themselves – they are subject to fermentation, drying and roasting, which produces cacao nibs.

5.     The nibs are then ground to produce cocoa mass or chocolate liquor, which is separated into components of cocoa solids and cocoa butter.

6.     Consumers want chocolate in chocolate products to come from a real source (i.e., from cacao beans.

7.     Chocolate provides greater satiety and a creamy and smooth mouthfeel compared to other ingredients which substitute for chocolate, like vegetable oils.

8.     Vegetable oils provide less satiety than chocolate, a waxy and oily mouthfeel and leave an aftertaste.

9.     Cocoa butter makes up about one-fourth of chocolate but costs more than three times as much as vegetable oil.

10.    However, the taste of chocolate only from cacao beans is significantly different than when made from cacao beans and vegetable oils, since even a small amount of vegetable oil changes the mouthfeel from creamy and smooth to waxy and oily.

11.    This taste sensation is the opposite of what consumers expect from a food labeled as "milk chocolate."

12.    Numerous studies have indicated that chocolate may be beneficial to the heart and arteries because of flavonoids, plant compounds from the cacao bean that contain antioxidants.

13.    These flavonoids are activated when the cacao bean is transformed into cocoa butter.

14.    Additionally, cocoa butter does not raise cholesterol or have any artery-clogging trans-fats which are present in vegetable oils

15.    Though cocoa butter and vegetable oils both contain fat, the fat in cocoa butter is

unsaturated and relatively healthy for the heart, in contrast to saturated fats in vegetable oils.

16.   Consumption of vegetable oils is linked to numerous health problems, like increased chances of heart disease.

17.   Cocoa butter consumption in chocolate does not raise the levels of cholesterol the way vegetable oils do.

18.   According to "Adulteration – The Dark World of 'Dirty' Chocolate," "mixing unnatural ingredients with chocolate – with the intent of extending the quantity of raw product and defrauding customers – has a long history."[1]

19.   The technical name for a blend cacao ingredients with vegetable oils is a "chocolate compound," where chocolate liquor is replaced with cocoa powder, and cocoa butter with vegetable oil.

20.   Since consumers were constantly being misled by chocolate products that contained lower quality ingredients, standards exist to prevent this practice, without disclosing it prominently to consumers.

21.   This means consumers can trust a representation of "milk chocolate" to contain chocolate ingredients (chocolate liquor) without vegetable oils. *See* 21 C.F.R. § 163.13(c).

22.   The other ingredients in milk chocolate include cacao fat, sweeteners and dairy ingredients like milk, but not vegetable oils. 21 C.F.R. § 163.124(b).

23.   Vegetable oils can be combined with chocolate, but because its addition fundamentally changes the nature of the food, the front label is required to disclose this, i.e., "milk chocolate and vegetable [palm/soy/coconut] oil coating." 21 C.F.R. § 163.155(c).

24.   These requirements prevented foods from being labeled as "milk chocolate" if they

---

[1] Chapter 47 in Chocolate – History, Culture, Heritage.

4

contained ingredients which substituted for chocolate.

25.    The average consumer spends fifteen seconds deciding to purchase a specific product, and consistent, truthful labeling gives them confidence to make quick buying decisions.

26.    Over ten years ago in response to a proposal to modify the chocolate standards to allow vegetable oils, industry leader Mars Wrigley was adamant in its opposition:

> At Mars, the consumer is our boss, and American consumers are passionate about chocolate. They don't want anyone to change the chocolate they've enjoyed for generations…As a privately held company, we have the freedom to invest in the highest quality chocolate and deliver what consumers want.[2]

27.    This opinion is consistent with a consumer survey of over four hundred Americans across demographic groups.

28.    Roughly sixty-five (65) percent of respondents, when viewing the term "Milk Chocolate" on the front label, expected the Product would only contain chocolate and not contain any vegetable oils.

29.    These consumers will not feel they need to double check the ingredient list because there is no ambiguity.

30.    The lack of any front label qualifying terms gives them the impression that milk chocolate means what it says – no vegetable oil ingredients.

31.    However, the front label representations are misleading and at best, a "half-truth," because the chocolate contains ingredients not found in real chocolate – "Coconut Oil."

---

[2] Mars US Announces Support for Current Chocolate Standard of Identity, Press Release, September 17, 2007.

**INGREDIENTS: ICE CREAM:** SKIM MILK, CREAM, SUGAR, CORN SYRUP, MONO AND DIGLYCERIDES, CARRAGEENAN, CAROB BEAN GUM, GUAR GUM, NATURAL FLAVOR, BETA CAROTENE. **COATING:** MILK CHOCOLATE (SUGAR, COCOA BUTTER, SKIM MILK, CHOCOLATE, LACTOSE, MILKFAT, SOY LECITHIN, ARTIFICIAL FLAVOR), SEMISWEET CHOCOLATE (SUGAR, CHOCOLATE, CHOCOLATE PROCESSED WITH ALKALI, COCOA BUTTER, MILKFAT, SOY LECITHIN, ARTIFICIAL AND NATURAL FLAVORS), COCONUT OIL, PALM OIL.   Ⓤ D

**INGREDIENTS:…COATING:** MILK CHOCOLATE (SUGAR, COCOA BUTTER, SKIM MILK, CHOCOLATE, LACTOSE, MILKFAT, SOY LECITHIN, ARTIFICIAL FLAVOR), SEMISWEET CHOCOLATE (SUGAR, CHOCLATE, CHOCOLATE PROCESSED WITH ALKALI, COCOA BUTTER, MILKFAT, SOY LECITHIN, NATURAL AND ARTIFICIAL FLAVORS), COCONUT OIL, PALM OIL.

32.    Defendant's ingredient list identifies the "milk chocolate" as "Coating," which means it knows the front label should not state "milk chocolate."

33.    Though the "Coating" contains milk chocolate and semisweet chocolate, it includes coconut oil and palm oil.

34.    Chocolate provides greater satiety and a creamy and smooth mouthfeel, compared to vegetable oils like coconut and palm oils, which provide less satiety, a waxy and oily mouthfeel and leave an aftertaste.

35.    Chocolate also provides health benefits and at a minimum, does not provide the negative health effects associated with vegetable oils.

36.    The presence of chocolate is understood by consumers to mean a food does not contain vegetable oils, and has a material bearing on price and consumer acceptance of the Product.

37.    Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for them.

38.    The Product is sold for a price premium compared to other similar products, no less than $6.49 for pack of three, higher than it would otherwise be sold for absent the misleading

representations.

Jurisdiction and Venue

39.   Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

40.   Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

41.   Plaintiff Steven Beers is a citizen of New York.

42.   Defendant Mars Wrigley Confectionery US, LLC is a Delaware limited liability company with a principal place of business in Hackettstown, Warren County, New Jersey and though at least one member of Defendant is a citizen of New York, upon information and belief, at least one member of defendant is not a citizen of New York.

43.   "Minimal diversity" exists because plaintiff Steven Beers and defendant are citizens of different states.

44.   Upon information and belief, sales of the Product and statutory and other monetary damages, exceed $5 million during the applicable statutes of limitations, exclusive of interest and costs.

45.   Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred here – plaintiff's purchase of the Product.

46.   Venue is further supported because many class members reside in this District.

Parties

47.   Plaintiff Steven Beers is a citizen of Mahopac, Putnam County, New York.

48.   Defendant Mars Wrigley Confectionery US, LLC is a Delaware limited liability

7

company with a principal place of business in Hackettstown, New Jersey, Warren County.

49.    During the relevant statutes of limitations for each cause of action alleged, plaintiff purchased the Product within his district and/or State in reliance on the representations of the Product.

50.    Plaintiff bought the Product at one or more locations, including 7-Eleven, 3650 Lee Blvd, Jefferson Valley, NY 10535, during summer 2020, among other times.

51.    Plaintiff bought the Product at or exceeding the above-referenced price because he liked the product for its intended use and consumption and relied upon the representations the Product contained chocolate and not vegetable oils..

52.    Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

53.    The Product was worth less than what Plaintiff paid for it and he would not have paid as much absent Defendant's false and misleading statements and omissions.

54.    Plaintiff intends to, seeks to, and will purchase the Product again when he can do so with the assurance that Product's labeling is consistent with its composition.

<u>Class Allegations</u>

55.    The class will consist of all purchasers of the Product who reside in New York during the applicable statutes of limitations.

56.    Plaintiff seeks class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

57.    Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

58.    Plaintiff's claims and basis for relief are typical to other members because all were

subjected to the same unfair and deceptive representations and actions.

59.    Plaintiff is an adequate representative because his interests do not conflict with other members.

60.    No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

61.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

62.    Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

63.    Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>New York General Business Law ("GBL") §§ 349 & 350</u>
<u>(Consumer Protection Statutes)</u>

64.    Plaintiff incorporates by reference all preceding paragraphs.

65.    Plaintiff and class members desired to purchase a product which contained chocolate and did not have vegetable oils.

66.    Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

67.    Defendant misrepresented the Product through its statements, omissions, ambiguities and actions.

68.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Negligent Misrepresentation</u>

69.    Plaintiff incorporates by reference all preceding paragraphs.

70.    Defendant misrepresented the Product.

71.     This duty is based on defendant's position, holding itself out as having special knowledge and experience in the sale of the product type.

72.     The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

73.     Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

74.     Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Fraud

75.     Plaintiff incorporates by reference all preceding paragraphs.

76.     Defendant misrepresented the attributes and qualities of the Product.

77.     Defendant's fraudulent intent is evinced by its failure to accurately identify the Product's inclusion of vegetable oils, when it knew not doing so would mislead consumers.

78.     Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Unjust Enrichment

79.     Plaintiff incorporates by reference all preceding paragraphs.

80.     Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   January 1, 2021

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

7:21-cv-00002
United States District Court
Southern District of New York

Steven Beers, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Mars Wrigley Confectionery US, LLC,

Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
 60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
   Tel: (516) 268-7080
   Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  January 1, 2021

/s/ Spencer Sheehan
Spencer Sheehan